UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RICKY ALLEN TAYLOR,

                    Plaintiff,                              Case No. 1:07-cv-1233

v.                                             Honorable Richard Alan Enslen

C. LANTAGNE,

                    Defendant.

_____/

## REPORT AND RECOMMENDATION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee.  Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.      Factual allegations

Plaintiff Ricky Allen Taylor presently is incarcerated with the Michigan Department of Corrections (MDOC) and housed at the Ionia Maximum Facility (ICF).  He sues ICF Corrections Officer C. Lantagne in his official and individual capacities.

According to the allegations of the complaint, on August 15, 2007, Plaintiff wrote a grievance against Defendant Lantagne for smoking less than 20 feet from an entrance to the building.  He claims that Defendant stood right next to the doorway, under an open window, allowing second-hand smoke into the housing unit in violation of MDOC policy.  On August 22, 2007, Defendant was reviewed on the grievance.

From August 21-28, 2007, Plaintiff was on Loss of Privilege status (LOP) on an unrelated matter.  On August 23, 2007, while not assigned to Plaintiff's housing unit, Defendant came into the unit and walked directly to Plaintiff's cell.  Defendant ordered Plaintiff to stop watching television because he was on LOP.  According to Plaintiff, ICF does not remove appliances while prisoners are on LOP and such prisoners are permitted to watch television.  Defendant wrote a ticket against Plaintiff for failure to obey a direct order.  Plaintiff alleges that seven other inmates were on Top Lock or other LOP sanctions at the same time, but Defendant walked past all seven without ordering them to stop using their appliances.

The misconduct hearing officer allegedly agreed with Plaintiff that prisoners on LOP were entitled to watch television.  Nevertheless, because it was possible for Plaintiff to obey Defendant's direct order, Plaintiff was convicted of the misconduct.  As sanctions for the misconduct, Plaintiff received twelve days of Top Lock, lost eight days of wages from his

institutional job, and received four points on his institutional records.  He alleges that the misconduct finding affected his ability to move to a better job, affected his placement in a lower security level and affected his chances for parole.

Plaintiff claims that he was subjected to retaliation for the exercise of his First Amendment right to file grievances.  For relief, he seeks expungement of the ticket from his record and the restoration of all good time credits and forfeitures taken by the Warden.  He also seeks injunctive relief against further such retaliatory actions, together with compensatory and punitive damages.

## II.   Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint.  *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that he was retaliated against and falsely convicted of the major misconduct of refusing to obey a direct order.  The Supreme Court has held that claims for declaratory relief and monetary damages, which necessarily imply the invalidity of the punishment imposed, are not cognizable under § 1983 until the conviction has been overturned.  *Edwards v.*

*Balisok*, 520 U.S. 641, 648 (1997) (addressing allegations of deceit and bias on the part of the

decisionmaker in a misconduct hearing).  The Court relied upon *Heck v. Humphrey*, 512 U.S. 477,

486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional

conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render

a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has

been [overturned]."  *Edwards*, 520 U.S. at 646 (emphasis in original).  As the Supreme Court

recently has stated, "[t]hese cases, taken together, indicate that a state prisoner's § 1983 action is

barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no

matter the target of the prisoner's suit (state conduct leading to conviction or internal prison

proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement

or its duration."  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005);  *see also Muhammad v. Close*, 540

U.S. 749, 754-55 (2004) (holding that the *Heck-Edwards* bar applies to prison misconduct

challenges only when good-time credits are implicated).

  In *Muhammad*, 540 U.S. at 754-55, the Supreme Court "clarified that *Edwards*

requires the favorable termination of a disciplinary proceeding before a civil rights action may be

filed only in cases where the duration of the prisoner's sentence is affected."  *Johnson v. Coolman*,

102 F. App'x 460, 461 (6th Cir. 2004) (citing *Muhammad*, 540 U.S. at 754-55).   In other words,

*Edwards* still applies where a plaintiff has lost good-time credits as the result of the misconduct

conviction.  Under Michigan law, a prisoner loses good-time credits for the month of his major

misconduct disciplinary conviction.  *See* MICH. COMP. LAWS § 800.33.  In addition, the warden may

order forfeiture of previously accumulated good-time credits in certain cases.  *Id.*  Plaintiff does not

assert that he did not forfeit good-time credits for the month of his conviction; in fact, he expressly

requests the reinstatement of those credits.  Accordingly, Plaintiff's claim remains noncognizable under § 1983 because a ruling on the claim would, if established, necessarily imply the invalidity of his disciplinary conviction.  *See Shavers v. Stapleton*, 102 F. App'x 900, 901 (6th Cir. 2004).

Under Michigan law, a prisoner may seek a rehearing of a decision made by the Hearings Division within thirty calendar days after a copy of the Major Misconduct Hearing Report is received.  MICH. COMP. LAWS § 791.254; MICH. DEP'T OF CORR. Policy Directive 03.03.105, ¶ DDD (effective Jan. 1, 2007).  Upon denial of his motion for rehearing, a prisoner may file an application for leave to appeal in the state circuit court.  *See* MICH. COMP. LAWS § 791.255(2); Policy Directive 03.03.105, ¶ GGG (concerning appeal).  If he is not successful, he may then seek to overturn the convictions by bringing a federal habeas corpus action.[1]  Accordingly, because Plaintiff has not shown that his conviction has been invalidated, his claim is not presently cognizable.  He therefore fails to state a claim on which relief can be granted.  *See Morris v. Cason*, 102 F. App'x 902, 903 (6th Cir. 2004) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Murray v. Evert*, 84 F. App'x 553, 555(6th Cir. 2003) (same); *Harris v. Truesdell*, 79 F. App'x 756, 758-59 (6th Cir. 2003) (same).

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C.

---

[1]A misconduct conviction results in the loss of good-time credits, which is equivalent to a loss of a "shortened prison sentence."  *Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974).  A challenge to a "shortened" prison sentence is a challenge to the fact or duration of confinement that is properly brought as an action for habeas corpus relief.  *Preiser*, 411 U.S. at 487-88.  However, a prisoner must exhaust available state remedies before bringing a habeas corpus action, which would include appealing the conviction through the state courts.  *See* 28 U.S.C. § 2254(b)(1).

§§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


Date:  January 31, 2008                        /s/ Ellen S. Carmody
                                               ELLEN S. CARMODY
                                               United States Magistrate Judge


## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).