UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKY ALLEN TAYLOR,　　　　　　　　　　　　　Case No. 1:07-CV-1233

　　　　　Plaintiff,　　　　　　　　　　　　　　　　　Hon. Richard Alan Enslen

　　v.

C. LANTAGNE,
　　　　　　　　　　　　　　　　　　　　　　　　**JUDGMENT**
　　　　　Defendant.
_____/

　　　　　This matter is before the Court on Plaintiff Ricky Allen Taylor's Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of January 31, 2008. The Report recommended dismissal of Plaintiff's federal civil rights complaint for failure to state a claim upon which relief can be granted. The Court now reviews the Report, Objections, and pertinent portions of the record *de novo* pursuant to 28 U.S.C. § 636(b). The Court reads Plaintiff's *pro se* Motion indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accepts Plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). For the reasons set forth below and in the Report, the Court finds Plaintiff's Objections to be without merit.

　　　　　Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court must dismiss prisoner actions that are frivolous, malicious, fail to state a claim upon which relief can be granted, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(C). A complaint fails to state a claim if it is clear that no relief could be granted under any set of facts consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a

plaintiff must allege the violation of a right secured by the Constitution or federal law and must show that the deprivation of such right was committed by a person acting under the color of state law. *West v. Adkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

Plaintiff's complaint alleges that he was retaliated against by Defendant Michigan Department of Corrections Officer C. Lantagne in violation of the First Amendment to the United States Constitution. Plaintiff claims he was sanctioned by Defendant for failing to obey a direct order in response to a previous grievance Plaintiff filed against Defendant. Plaintiff seeks expungement of the ticket from his record, restoration of all good time credits and forfeitures taken by the Warden, injunctive relief against further retaliation, and compensatory and punitive damages.

The gravamen of Plaintiff's Objections is that the Report failed to address the merits of his alleged constitutional violation. "The complaint is not an appeal of a misconduct as stated in the preliminary statement. The expungement of the ticket and the restoring of good time, are part of the Relief Requested for violation of Plaintiff's First Amendment right." (Obj. 3.) As noted in the Report, the Supreme Court has held that claims for declaratory relief and monetary damages, which necessarily imply the invalidity of the punishment imposed, are not cognizable under § 1983 until the conviction has been overturned. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *see also Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Plaintiff has failed to invalidate his conviction. Thus, Plaintiff's claim is noncognizable under § 1983 because a ruling on the claim would, if established, necessarily imply the invalidity of the disciplinary conviction. *See Shavers v. Stapleton*, 102 FED App. 900, 901 (6th Cir. 2004). Plaintiff has failed to state any claim upon which relief can be granted.

For the reasons given here and in the Report, the Court discerns no good faith basis for an appeal and will so certify pursuant to 28 U.S.C. § 1915(a). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Ricky Allen Taylor's Objections (Dkt. No. 5) are **DENIED**, the Report and Recommendation (Dkt. No. 4) is **ADOPTED**, Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED WITH PREJUDICE**, and the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal would not be taken in good faith.

**IT IS FURTHER ORDERED** that the dismissal of this action for failure to state a claim shall count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

DATED in Kalamazoo, MI:  
April 16, 2008

 /s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE