UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKY TAYLOR,

        Plaintiff,                                    Hon. Paul L. Maloney

v.                                                Case No. 1:07 CV 1233

CRAIG LANTAGNE,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

        This matter is before the Court on <u>Defendant's Motion for Summary Judgment</u>. (Dkt. #26). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted** and this matter **terminated**.

## BACKGROUND

        Plaintiff initiated this action on December 10, 2007, against Craig Lantagne. (Dkt. #1). Alleging that Lantagne subjected him to unlawful retaliation, Plaintiff sought expungement of a misconduct ticket from his record and restoration of good time credits, as well as other relief. *Id.* On April 16, 2008, the Honorable Richard Alan Enslen dismissed Plaintiff's complaint on the ground that such was not cognizable unless Plaintiff's misconduct violation was first overturned. (Dkt. #6). The Sixth Circuit subsequently reversed this determination and remanded the matter to this Court "for service of process." (Dkt. #9). Plaintiff has since twice amended his complaint. The following allegations are contained in Plaintiff's verified Second Amended Complaint. (Dkt. #24).

On August 15, 2007, Plaintiff filed a grievance against Defendant Lantagne for smoking "directly in front of the entrance" to a prisoner sleeping area in violation of Michigan law and Michigan Department of Correction policy. As of August 23, 2007, Plaintiff was confined to his cell because he was serving a Loss of Privileges (LOP) sanction imposed pursuant to an unrelated matter. That evening, Defendant Lantagne instructed Plaintiff to turn off his television as such was not permitted while on LOP status. Plaintiff declined to turn off his television, arguing that "this institution" did not enforce that particular rule. Defendant Lantagne responded by charging Plaintiff with: (1) Interference with the Administration of Rules, (2) Insolence, and (3) Disobeying a Direct Order. Plaintiff asserts that Defendant Lantagne charged him with these three misconduct violations in retaliation for Plaintiff having previously submitted the aforementioned grievance against Lantagne. Defendant Lantagne now moves for summary judgment. Plaintiff has failed to respond to Defendant's motion.

**SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably

find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

The elements of a First Amendment retaliation claim are well known: (1) Plaintiff was engaged in constitutionally protected conduct, (2) Plaintiff suffered adverse action which would deter a person of "ordinary firmness" from continuing to engage in such protected conduct, and (3) there exists a sufficient causal connection between the protected conduct and the adverse action. *See Thomas*

*v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)). Defendant Lantagne does not challenge Plaintiff's claim on the first two elements of the analysis, but instead asserts that he is entitled to summary judgment on the ground that Plaintiff cannot establish the requisite causal connection.

With respect to causation, courts recognize that retaliation is "easy to allege" and "can seldom be demonstrated by direct evidence." *Huff v. Rutter*, 2006 WL 2039983 at *7 (W.D. Mich., July 19, 2006) (quoting *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987)). Nonetheless, "bare allegations of malice" are insufficient to state a constitutional claim, as Plaintiff must instead establish "that his protected conduct was a motivating factor" behind the allegedly retaliatory action taken. *Thaddeus-X*, 175 F.3d at 399 (citations omitted); *see also*, *Skinner v. Bolden*, 89 Fed. Appx. 579, 579-80 (6th Cir., Mar. 12, 2004) ("conclusory allegations of temporal proximity are not sufficient to show a retaliatory motive"); *Desmone v. Adams*, 1998 WL 702342 at *3 (6th Cir., Sep. 23, 1998) ("[a] claim of retaliation must include a chronology of events from which retaliation may plausibly be inferred").

In support of his motion, Defendant Lantagne has submitted an affidavit in which he asserts the following. (Dkt. #27, Exhibit B). On August 23, 2007, Lantagne observed Plaintiff watching television in his cell. Aware that Plaintiff "was on loss of privileges (LOP) sanctions" at the time, Defendant Lantagne instructed Plaintiff to turn off his television.[1] In response, Plaintiff "became upset, refused to turn his TV off and stated 'just write the fucking ticket.'" Plaintiff then pointed his finger in Lantagne's face and stated, "you fucking listen to me." Given Plaintiff's behavior, Defendant Lantagne charged Plaintiff with: (1) Interference with the Administration of Rules, (2) Disobeying a Direct Order, and (3) Insolence.

---

[1] As noted below, prisoners on LOP status are subject to a loss of television privileges.

Plaintiff concedes in his verified Second Amended Complaint that he was watching television when Defendant Lantagne approached his cell. (Dkt. #24). Plaintiff further concedes that he failed to comply with Lantagne's command to turn off his television. *Id.* Plaintiff was convicted of the Disobeying a Direct Order and Insolence charges. (Dkt. #27, Exhibit B). Plaintiff was found not guilty of the charge of Interference with the Administration of Rules. Charging Plaintiff with this misconduct was not inappropriate, however, as then current MDOC Policy provided that prisoners on LOP sanction "shall" lose television (and many other) privileges unless the hearing officer specifically provides otherwise. *See* Michigan Department of Corrections Policy Directive 03.03.105 ¶ WW (effective January 1, 2007). There is no evidence that Plaintiff was permitted to watch television while serving his Loss of Privileges sanction. As Lantagne asserts in his affidavit, "the grievance investigation determined that I was acting within the scope of my duties and in accordance with" Policy Directive 03.03.105. (Dkt. #27, Exhibit B). Nevertheless, Plaintiff was found not guilty of this charge on the ground that this particular policy violation "has not been enforced at ICF in recent history." (Dkt. #27, Exhibit B, Attachment 3).

Defendant Lantagne asserts that he "did not tell [Plaintiff] to turn off his TV in retaliation for filing a grievance against me," but instead "told [Plaintiff] to turn off his TV because I was aware that [Plaintiff] was on [loss of privileges] status and wasn't permitted to watch TV." (Dkt. #27, Exhibit B). Lantagne asserts that he charged Plaintiff with the misconduct violations "because he violated the disciplinary rules by watching TV while on [loss of privileges] sanction, refusing to turn off his TV and because his words and actions harassed and caused alarm to me." Lantagne further asserts that he "would have taken the same action with any prisoner, regardless of any grievance or any other factor."

Plaintiff has failed to respond to Defendant's motion and, therefore, offers no evidence in response to that offered by Defendant Lantagne.

In the context of a motion for summary judgment, the causation element is evaluated pursuant to the burden-shifting standard articulated by the Supreme Court in *Mount Healthy City School District Board of Education v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). *See Eby*, 481 F.3d at 441-42. Pursuant to this standard, Plaintiff must show that his protected conduct was a motivating factor in Defendant's action. Even if Plaintiff makes such a showing, Defendant is entitled to summary judgment if he demonstrates that he would have taken the same action in the absence of the protected conduct. *Id.* Defendant has submitted evidence that his decision to charge Plaintiff with the misconducts in question was unrelated to Plaintiff's protected conduct. Plaintiff has failed to establish that Defendant Lantagne's proffered rationale is pretextual or otherwise infirm.

Plaintiff alleges in his Second Amended Complaint that as of August 23, 2007, seven other inmates in his housing unit were also on Top Lock or LOP status. According to Plaintiff, Defendant Lantagne "did not speak to, question, or den[y] any of them access to or the use of their appliances." Interpreted generously, Plaintiff is arguably attempting to assert that Defendant Lantagne engaged in selective enforcement of the relevant rules and policies. To the extent that Plaintiff contends that such precludes granting Defendant's motion for summary judgment, the Court is unpersuaded.

As Defendant Lantagne asserts in his affidavit, "Top lock status and LOP status are separate and distinct sanctions." As noted above, pursuant to MDOC policy then in effect, absent an express finding to the contrary, prisoners on Loss of Privileges status were not allowed to watch television. With respect to prisoners on Top Lock status, however, then current MDOC Policy provided only that such prisoners "may" lose their television privileges. *See* Michigan Department of Corrections

Policy Directive 03.03.105 ¶ XX (effective January 1, 2007). While Plaintiff asserts that other prisoners in his housing unit were on Top Lock or Loss of Privileges status, Plaintiff does not identify whether they were on Top Lock or LOP status nor does Plaintiff indicate whether any of these other prisoners had been expressly denied or permitted television privileges. Moreover, Plaintiff fails to assert that any of these other prisoners were watching television or otherwise violating prison rules or policy. Defendant Lantagne asserts that "had I known that the other seven inmates were on LOP status, I would have taken the same action I took with [Plaintiff]." In sum, Plaintiff has not demonstrated that any of the other prisoners in question were acting in violation of any prison rule or regulation. Thus, Plaintiff has failed to demonstrate that Defendant Lantagne engaged in selective enforcement of the relevant rules or policies. Accordingly, the undersigned recommends that Defendant's motion for summary judgment be granted.

As for Plaintiff's claims regarding the decision to issue misconducts for Insolence and Disobeying a Direct Order, Defendant Lantagne is, in the alternative, entitled to summary judgment given that Plaintiff was convicted of both charges. As the Sixth Circuit has recognized, where an inmate alleges that a prison official falsely charged him with a misconduct violation for retaliatory purposes, the prison official is entitled to relief if the prisoner was found guilty (based on some quantum of evidence) of the misconduct violation. *See, e.g., Jackson v. Madery*, 158 Fed. Appx. 656, 662 (6th Cir., Nov. 17, 2005) ("[a] finding of guilt based upon some evidence of a violation of prison rules 'essentially checkmates [a] retaliation claim'") (quoting *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994)). Implicit in this conclusion is that a finding that the allegedly retaliatory misconduct charge was supported by the evidence constitutes sufficient evidence on the issue of causation to warrant summary judgment for the prison official. While Plaintiff has not alleged that Defendant Lantagne *falsely* charged

him with a misconduct violation, this distinction is of no consequence. Plaintiff's concession of the facts that form the basis of these misconduct convictions supports Defendant's position that Plaintiff cannot establish the requisite causal link to maintain a retaliation claim. Accordingly, the undersigned recommends that as to Plaintiff's retaliation claims concerning his convictions for Insolence and Disobeying a Direct Order, Defendant is entitled to summary judgment on this alternative ground.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendant's Motion for Summary Judgment</u>, (dkt. #26), be **granted** and this matter **terminated**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

          Respectfully submitted,

Date: January 6, 2012          /s/ Ellen S. Carmody
          ELLEN S. CARMODY
          United States Magistrate Judge