UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RICKY TAYLOR, ) | |
|        Plaintiff, ) | |
| ) | No. 1:07-cv-1233 |
| -v- ) | |
| ) | HONORABLE PAUL L. MALONEY |
| CHRIS LANTAGNE, ) | |
|        Defendant. ) | |
| _____) | |

**OPINION AND ORDER DENYING APPEAL OF MAGISTRATE JUDGE'S ORDER**

**AND**

**OPINION AND ORDER REJECTING REPORT AND RECOMMENDATION AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Ricky Taylor ("Plaintiff"), a prisoner under the control of the Michigan Department of Corrections ("MDOC") and proceeding pro se, filed a complaint alleging retaliation under 42 U.S.C. § 1983. After the complaint was initially dismissed for failing to state a claim, on appeal, the Sixth Circuit Court of Appeals reversed the dismissal and remanded the action for service of process. *See Taylor v. Lantagne*, 418 F. App'x 408 (6th Cir. 2011).

Defendant Chris Lantagne ("Defendant") filed a motion for summary judgment and supporting brief. (ECF Nos. 26 and 27.) After reviewing the motion, the magistrate judge issued a report (R&R) recommending the motion be granted and the claims against Defendant be dismissed. (ECF No. 31.) Plaintiff filed objections to the report and recommendation. (ECF No. 33.) Plaintiff filed an application for entry of default. (ECF No. 29.) The magistrate judge denied Plaintiff's application. (ECF No. 32.) Reading the objections to the report and recommendation liberally, as this Court is required to do, Plaintiff appeals the magistrate judge's order denying his application for entry of default.

Two matters raised in Plaintiff's objection (ECF No. 33) need to be addressed. First, Plaintiff appeals the order of the magistrate judge denying Plaintiff's application for entry of default. Second, Plaintiff objects to the magistrate judge's recommendation that Defendant's motion for summary judgment be granted.

## DISCUSSION

### A. APPEAL OF THE ORDER DENYING APPLICATION FOR ENTRY OF JUDGMENT

On April 15, 2011, after the Sixth Circuit issued its opinion reversing and remanding the action, but prior to the issuance of the mandate, Plaintiff filed a first amended complaint (ECF No. 11).[1] On April 29, 2011, Plaintiff filed a motion for leave to file an amended complaint, attaching a second amended complaint to the motion (ECF No. 13).[2] On May 17, 2011, the Sixth Circuit issued its mandate and this Court obtained jurisdiction over the action. On June 22, 2011, in compliance with the Sixth Circuit opinion, the magistrate judge ordered service of the complaint on Defendant. (ECF No. 19.) The order required the Clerk of the Court to forward the complaint to the U.S. Marshals Service, which is authorized to mail the request for waiver of service to Defendant.

On August 11, 2011, Plaintiff had filed a document entitled "Notice of Defendant['s] Failure to Respond to Waiver."[3] (ECF No. 20.)

The waiver of service was filed on August 26, 2011. (ECF No. 22.) The document indicates that a "Notice of Lawsuit filed *In Forma Pauperis* in the United States District Court for the Western

---

[1] The pleading was received and entered into CM/ECF on April 19.

[2] The motion and attachment were received and entered into CM/ECF on May 3.

[3] This document was received and entered into CM/ECF on August 15.

2

District of Michigan and Request for Waiver of Service of Summons" ("Notice") was mailed to Defendant by the U.S. Marshals Service on August 11, 2011. The Notice states that the waiver, to be effective, must be returned within 35 days of the date on which the notice was sent. The Notice states that a stamped and addressed envelope was provided for returning the waiver to the Civil Process Clerk for the U.S. Marshals Service. Defendant signed the waiver on August 17, 2011 and returned it. As a result of the waiver, Defendant had until October 11, 2011 to answer or otherwise respond. On August 31, 2011, Plaintiff sent a letter to the Court inquiring about his earlier filed Notice.[4] (ECF No. 25.) On September 8, 2011, the magistrate judge issued an order granting Plaintiff's motion to amend his complaint. (ECF No. 23.) On the basis of that order, Plaintiff's second amended complaint ("Complaint") was entered the same day.[5] (ECF No. 24.)

Defendant filed his motion for summary judgment on October 20, 2011. (ECF No. 26.) On October 25, 2011, Plaintiff filed an application for entry of default.[6] (ECF No. 29.) The magistrate judge denied the application, finding, under Fed. R. Civ. P. 4(d), Defendant's motion for summary judgment served as a timely answer to the second amended complaint. Plaintiff now appeals.

Rule 72(a) allows a party to object to a ruling by a magistrate judge by filing objections in the district court where the case is assigned. Fed. R. Civ. P. 72(a). Under the Rule, the district court judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*

---

[4]The letter was entered into the CM/ECF system on September 22, 2011.

[5]The second amended complaint contains a 28 U.S.C. § 1746 statement of verification, which carries the same weight as an affidavit for the purposes of summary judgment. *See El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008).

[6]The document is entitled "Motion for Affirmative Injunction to Enter Default and Default Judgment."

Plaintiff recounts his various submissions to the Court regarding Defendant's alleged failure to either file the waiver or an answer to the pleading. From the record, it appears Plaintiff was not informed when Defendant returned the waiver of service to the US Marshals Service. Although the Local Rules require counsel opposing pro se litigants to mail "pleadings or other papers" to those litigants, the Rules do not require other entities, like the Office of the U.S. Marshals, to mail documents to pro se litigants. *Compare* W.D. Mich. L. Civ. R. 5.7 (i)(iii) (service on pro se parties of electronically filed documents by counsel) *with* 5.7 (e)(vi) (authorization of the Office of the U.S. Marshals to file and serve documents electronically). The Notice itself did not require Defendant to send anything to Plaintiff. The fact that the U.S. Marshals Service did not mail a certificate of service to Plaintiff of Defendant's waiver does not render to waiver ineffective. The Federal Rules of Civil Procedure require only that "[a]ny paper *after* the complaint that is required to be served - together with a certificate of service - must be filed within a reasonable time after service." Fed. R. Civ. P. 5(d)(1) (emphasis added).

Plaintiff has not established that the magistrate judge's order denying his application for entry to default was either clearly erroneous or contrary to law. In lieu of a responsive pleading or motion under Rule 12, Defendant filed a motion for summary judgment. Rule 56 authorizes the filing of summary judgments "at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). "Courts and commentators have acknowledged that no answer [to the complaint] need be filed before a defendant's motion for summary judgment may be entertained." *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 403 (6th Cir. 1987) (citations omitted). Because, under Fed. R. Civ. P. 55(a), Defendant has not "failed to plead or otherwise defend," Plaintiff's application for entry of default was properly denied.

4

Therefore, Plaintiff's appeal of the magistrate judge's order is DENIED.

**B. OBJECTIONS TO THE REPORT AND RECOMMENDATION**

**1. Actions Giving Rise to the Complaint**

The complaint alleges that, on August 15, 2007, Plaintiff filed a grievance against Defendant after Defendant was smoking in front of a building, allowing second-hand smoke to blow into the sleeping area. (Compl. ¶¶ 3 and 4.) Defendant was aware of the grievance by August 22, 2007. (*Id.* ¶ 7.) On August 23, Defendant was assigned yard duties and was not assigned to work in the unit where Plaintiff was housed. (*Id.* ¶¶ 9 and 10.) Nevertheless, around 8:20 p.m., Defendant appeared outside of Plaintiff's cell. (*Id.* ¶ 11.) Plaintiff was on loss of privileges ("LOP") status and was watching television in his cell.[7] (*Id.*) Defendant ordered Plaintiff to turn off his television due to Plaintiff's LOP status. (*Id.*) As a result of the interaction that followed, Defendant completed a major misconduct ticket on Plaintiff for three offenses. (ECF No. 27-2 Attachment 2 to Def. Aff. PgID 138.) Defendant charged Plaintiff with (1) interference with administration of rules by watching television while on LOP status, (2) disobeying a direct order, and (3) insolence. (*Id.*) A misconduct hearing was held where the first charge was dismissed and Plaintiff was found guilty of the second and third charges. (Attachment 3 to Def. Aff. PgID 139.) The hearing officer dismissed the first charge finding that the "no watching rule" of one's television while on LOP status has not been enforced in recent history. (*Id.*)

---

[7]Defendant filed a misconduct report against Plaintiff on August 13, 2007, for disobeying a direct order and for being out of place. (ECF No. 27-2 Attachment 1 to Def. Aff. PgID 137.) On August 17, at a hearing, Plaintiff entered a no contest plea and was found guilty on both charges, resulting in a loss of privileges from August 21 through August 28. (*Id.* PgID 136.)

### 2. Circuit Court Opinion

Upon initial review, the complaint was dismissed for failing to state a claim. Plaintiff appealed. In reversing and remanding the action, the Sixth Circuit held that the district court misapplied the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994), *Wilkinson v. Dotson*, 544 U.S. 74 (2005) and *Muhammad v. Close*, 540 U.S. 749 (2004). *Taylor*, 418 F. App'x at 411-12. The Court explained that because Plaintiff was not eligible for good-time credits, his major misconduct violation did not affect the duration of his confinement and, therefore, the misconduct violation did not bar his § 1983 claim. *Id.* The court concluded

> Taylor has adequately pled a retaliation claim. Taylor initiated a legitimate grievance against Lantagne. A major misconduct violation substantially limits prisoners' rights, so a prisoner of ordinary firmness would be dissuaded by Lantagne's retaliatory actions. And Taylor has alleged that Lantagne both had no business being in Taylor's housing unit and did not discipline other prisoners who were doing the same thing as Taylor, which suggests that Lantagne acted for retaliatory reasons.

*Id.* at 413.

The court also addressed Taylor's argument in the alternative. Taylor argued that were the court to deny his retaliation claim by finding that it would affect the duration of his sentence, he should still be allowed to proceed on a § 1983 claim for damages. The court agreed. The court reasoned that, where a prisoner's disciplinary time arose from his refusal to obey an order, the prisoner "could be found guilty of the major misconduct and lose his good time credits while still having a § 1983 claim that would in no way challenge that guilty finding." *Id.* at 413. "The prisoner would not be able to have his disciplinary conviction expunged, but he would be eligible for monetary damages." *Id.*

### 3. Defendant's Motion for Summary Judgment

In his motion for summary judgment, Defendant addresses only the third element of a retaliation claim, whether a causal connection exists between Plaintiff's protected conduct, the filing of a grievance, and the adverse action, the misconduct ticket. Defendant submitted an affidavit setting forth factual assertions in an attempt to undermine the basis for the causal connection outlined in the complaint. First, Defendant states that, on August 23, he was Level II ESA rover, which meant he was "responsible for maintaining order and providing supervision for all areas of the facility, including the Michigan State Industries (MSI) building, gym, level II yard, and level II Housing Units." (Def. Aff. ¶ 5.) Plaintiff was assigned to level II Housing Unit 6. (*Id.* ¶ 6.) Defendant states, as part of his duties, he entered Housing Unit 6 and, while making rounds, he observed Taylor watching television. (*Id.* ¶ 7.) Defendant was aware Plaintiff was on LOP status, having issued the misconduct ticket. (*Id.* ¶ 8.) Defendant ordered Plaintiff to turn off his television because Plaintiff was on LOP, Plaintiff refused, and Plaintiff cursed at Defendant. (*Id.* ¶ 9.) Defendant states he would have taken this same action with any prisoner, regardless of any grievance. (*Id.* ¶¶ 11 and 12.) Defendant states he was not aware of any other inmates in the unit who were either on top lock or LOP status. (*Id.* ¶ 14.) Defendant states that, had he been aware of any other inmate on LOP status, he would have taken the same action that he took with Plaintiff. (*Id.* ¶ 16.)

Plaintiff did not file any response to the motion.

### 4. Report and Recommendation

In the context of a summary judgment motion for a retaliation claim, the causation element is evaluated under the burden-shifting standard outlined in *Mount Health Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274 (1997). *See Thomas v. Eby*, 481 F.3d 434, 441-42 (6th Cir. 2007) and

*Thaddeus-X v. Blatter*, 175 F.3d 378, 399 (6th Cir. 1999). Under this standard, if the plaintiff can establish that the protected conduct was a motivating factor in the defendant's action, the burden shifts to the defendant to show that the same action would have been taken in the absence of the protected conduct. *Thaddeus-X*, 175 F.3d at 399-400. The magistrate judge addressed each of the three misconduct charges as separate bases for retaliation. The magistrate judge concluded Plaintiff failed to establish the causal connection element of his retaliation claim. With regard to the first charge, interference with the administration of rules, the magistrate judge pointed out that, in the complaint, Plaintiff concedes he was watching television and failed to comply with Defendant's order. (R&R 6.) The magistrate judge held that although Plaintiff was found not guilty of the interference with administrative rules charge, the charge itself was not inappropriate because MDOC policy provided that, while on LOP status, prisoners shall lose television privileges, unless the hearing officer provided otherwise. (*Id.*) The magistrate judge found that Defendant adequately explained why he did not order the other inmates to turn off their televisions. (*Id.* 7-8.) With regard to the other two charges, the magistrate judge concluded that because Plaintiff was found guilty of misconducts for insolence and disobeying a direct order, Plaintiff cannot maintain a retaliation claim against Defendant, citing *Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005). (*Id.* 8.) The magistrate judge reasoned that the evidence of guilt constituted sufficient evidence on the issue of causation to warrant summary judgment for Defendant.

### 4. Plaintiff's Objections

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions

of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider").

Plaintiff offers several arguments. First, Plaintiff asserts that Defendant had no reason to be near Plaintiff's cell on August 23 because Defendant was assigned as the yard officer that day. Second, Plaintiff objects to the conclusion that Defendant was justified in writing the misconduct ticket for watching television. Plaintiff explains that the rule on which the order was based was not enforced, which is why the charge was dismissed. Third, Plaintiff argues the fact that other inmates who were on LOP status and were allowed to watch television reinforces the conclusion that the rule was not enforced. Plaintiff reasons that because the rule was typically not enforced, he has put forth sufficient evidence to undermine the conclusion that the first charge was not based on retaliation.

Plaintiff's objection is GRANTED. Taking the evidence in the record in the light most favorable to Plaintiff, there exists a genuine issue of material fact whether the first charge in the misconduct ticket was issued for the purpose of retaliation. Although Defendant has established that he had the authority to be in Plaintiff's housing unit on August 23, Defendant had not established that his duties required him to be in the Housing Unit on August 23. Furthermore, the record shows that the administrative rule on which Defendant's order was based was not enforced at the facility. Defendant has not explained why he opted to enforce the rule against Plaintiff, when the rule was generally not enforced against any similarly situated prisoner. The evidence in the record allows

for the inference that Defendant sought to enforce the loss of privileges rule against Plaintiff in retaliation for Plaintiff filing a grievance against him. It follows that had Defendant not issued the order for Plaintiff to turn off his television, Plaintiff would not then have defied the order or become insolent. This conclusion is consistent with the manner in which the Sixth Circuit handled Plaintiff's argument in the alternative in the order of remand. Plaintiff could be guilty of refusing to obey an order, but still maintain a suit for retaliation and seek damages. *See Taylor*, 418 F. App'x at 413. Such conclusion undermines the holding in *Jackson v. Madery,* upon which the magistrate judge relied.

For these reasons, the Report and Recommendation is REJECTED and Defendant's motion for summary judgment is DENIED.

## ORDER

For the reasons provided in the accompanying opinion, **IT IS HEREBY ORDERED** that

1. Plaintiff's appeal (ECF No. 33) of the magistrate judge's order (ECF No. 32) denying Plaintiff's application for entry of default is **DENIED.**

2. Plaintiff's objection (ECF No. 33) to the report and recommendation (ECF No. 31) is **GRANTED.** The report and recommendation is **REJECTED.** Defendant Lantagne's motion for summary judgment (ECF No. 26) is **DENIED.**

Date:   January 27, 2012              /s/ Paul L. Maloney
                                      Paul L. Maloney
                                      Chief United States District Judge