UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKY ALLEN TAYLOR, #240450,         )
       Plaintiff,                                )
                                                 )   No. 1:07-cv-1233
-v-                                                 )
                                                 )   HONORABLE PAUL L. MALONEY
CRAIG LANTANGNE,                        )
       Defendant.                           )
_____)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

      This matter comes before the Court on a report and recommendation. (ECF No. 54.) Defendant Craig Lantangue filed objections (ECF No. 55) and Plaintiff Ricky Taylor filed a response (ECF No. 56).

      This is a § 1983 civil rights lawsuit brought by Plaintiff Taylor, a prisoner under the control of the Michigan Department of Corrections. Defendant Craig Lantangue filed a motion for summary judgment. (ECF No. 49.) Plaintiff filed a response. (ECF No. 51.) The magistrate judge recommends dismissing the claim for monetary damages brought against Lantangue in his official capacity and denying Lantangue's claim for qualified immunity.

      After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

      Plaintiff makes two objections. Reviewed *de novo*, neither objection persuades this Court that the magistrate judge's recommendations should be altered. First, Plaintiff asserts that the claim

for monetary damages against Lantangue in his official capacity should not be dismissed. In his objection, Plaintiff does not address any of the legal authority on which the magistrate judge made her recommendation. Claims against Lantangue in his official capacity are treated as claims against the state. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Binding precedent within this circuit holds that the Eleventh Amendment bars claims for monetary damages brought against prison employees in their official capacity. *See, e.g., Barker v. Goodrich*, 649 F.3d 428, 433 (6th Cir. 2011); *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004). Plaintiff has not established that Michigan has waived its sovereign immunity. To the extent Plaintiff's objections identify questions of fact, those factual disputes do not implicate the sound legal conclusions contained in the report and recommendation. Plaintiff asserts that the magistrate judge erred by not clarifying that Plaintiff's claims for monetary damages and for injunctive relief against Lantangue in his individual capacity survive summary judgment. The recommendation speaks for itself. Clarification is not necessary.

For these reasons, Plaintiff Taylor's objections are **OVERRULED.** The report and recommendation is **ADOPTED** as the opinion of this Court. Defendant Lantangue's motion for summary judgment (ECF No. 49) is **GRANTED IN PART and DENIED IN PART.** The motion is GRANTED only such that Plaintiff's claim for money damages against Defendant Lantangue in his official capacity is dismissed. The other portions of the motion are DENIED. **IT IS SO ORDERED.**

Date:   July 15, 2014                             /s/ Paul L. Maloney
                                                  Paul L. Maloney
                                                  Chief United States District Judge