UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RICKY TAYLOR,

                 Plaintiff,                           Hon. Paul L. Maloney

v.                                           Case No. 1:07 CV 1233

CRAIG LANTAGNE,

                 Defendant.

_____/

## REPORT AND RECOMMENDATION

       This matter is before the Court on <u>Defendant's Motion for Summary Judgment</u>. (Dkt. #79). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted** and this action **terminated**.


## BACKGROUND

       Plaintiff initiated this action on December 10, 2007, against Craig Lantagne. (Dkt. #1). Alleging that Lantagne subjected him to unlawful retaliation, Plaintiff sought expungement of a misconduct ticket from his record and restoration of good time credits, as well as other relief. *Id.* On April 16, 2008, the Honorable Richard Alan Enslen dismissed Plaintiff's complaint on the ground that such was not cognizable unless Plaintiff's misconduct violation was first overturned. (Dkt. #6). The Sixth Circuit reversed this determination and remanded the matter to this Court "for service of process." (Dkt. #9). Plaintiff thereafter twice amended his complaint. The following allegations are contained in Plaintiff's Second Amended Complaint. (Dkt. #24).

On August 15, 2007, Plaintiff filed a grievance against Defendant Lantagne for smoking "directly in front of the entrance" to a prisoner sleeping area in violation of Michigan law and Michigan Department of Corrections policy. As of August 23, 2007, Plaintiff was confined to his cell because he was serving a Loss of Privileges (LOP) sanction imposed pursuant to an unrelated matter. That evening, Defendant Lantagne instructed Plaintiff to turn off his television as such was not permitted while on LOP status. Plaintiff declined to turn off his television, arguing that "this institution" did not enforce that particular rule. Defendant Lantagne responded by charging Plaintiff with: (1) Interference with the Administration of Rules, (2) Insolence, and (3) Disobeying a Direct Order. Plaintiff asserts that Defendant Lantagne charged him with these three misconduct violations in retaliation for Plaintiff having previously submitted the aforementioned grievance against Lantagne.

On October 10, 2011, Defendant Lantagne moved for summary judgment. (Dkt. #26). Defendant argued that he was entitled to relief because Plaintiff could not prevail on the causation element of his retaliation claim and, moreover, because the fact that Plaintiff was found guilty of the misconduct violations precluded his retaliation claim. Defendant also argued that he was entitled to qualified immunity. Plaintiff failed to respond to Defendant's motion. Finding Defendant's first two arguments to be persuasive and supported by the evidence, the undersigned recommended that Defendant's motion be granted. (Dkt. #31). Given this determination, the Court did not address Defendant's qualified immunity argument.

In his objections to this recommendation, Plaintiff argued that he failed to respond to Defendant's motion because he never received a copy thereof. (Dkt. #33). Plaintiff also objected to the recommendation that Defendant's motion for summary judgment be granted. The Honorable Paul L. Maloney granted Plaintiff's objection, rejected the Report and Recommendation, and denied Defendant's

motion for summary judgment. (Dkt. #34). On appeal, the Sixth Circuit did not address the conclusion that Defendant's motion for summary judgment be denied on substantive grounds, but instead remanded the matter "to the district court to allow Taylor to respond to Lantagne's motion for summary judgment, and specifically to the defense of qualified immunity." (Dkt. #46). Defendant subsequently renewed his previously submitted motion for summary judgment to which Plaintiff responded. (Dkt. ##49, 51).

The undersigned recommended that Defendant's motion be granted in part and denied in part. (Dkt. #54). With respect to the claims asserted against Defendant in his personal capacity, the Court recommended that Defendant's motion for qualified immunity be denied. As for the claims asserted against Defendant in his official capacity, the Court recommended that Plaintiff's claims for money damages be dismissed, but that his claims for injunctive relief go forward. Judge Maloney subsequently adopted this recommendation. (Dkt. #57). Shortly thereafter, the Court entered a Case Management Order outlining, among other things, the scope and deadlines for discovery. (Dkt. #59). Following the close of discovery, Defendant filed the present motion for "summary judgment based on qualified immunity."

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317,

325 (1986)).  The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery."  *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial."  *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324).  While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Amini*, 440 F.3d at 357.  The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient.  *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252).  The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial."  *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations."  *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004).  Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof."  *Id.* at 353-54.  In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof  faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001).  "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)).  The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same).  Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

The doctrine of qualified immunity recognizes that government officials must be able to carry out their duties without fear of harassing litigation.  *See Davis v. Scherer*, 468 U.S. 183, 195

(1984).  As is well recognized, they can do so only if they reasonably can anticipate when their conduct may give rise to liability for damages, and if unjustified lawsuits are quickly terminated.  *Id.*  Generally, when government officials perform discretionary functions, they are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also, Behrens v. Pelletier*, 516 U.S. 299, 301 (1996).  The question whether a defendant enjoys qualified immunity is a question of law for the Court to resolve.  *See Virgili v. Gilbert*, 272 F.3d 391, 392 (6th Cir. 2001).

When evaluating claims of qualified immunity, the Court employs a two-step analysis. The Court first determines "whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right."  *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).  If such fail to establish a violation of the plaintiff's constitutional rights, the defendant is entitled to immunity.  *See Callahan*, 555 U.S. at 232.  On the other hand, if the facts establish a violation of the plaintiff's constitutional rights, the Court must then determine whether the right in question was "clearly established" at the time the defendant acted.  The defendant is entitled to qualified immunity unless his "conduct violated a clearly established constitutional right."  *Id.*  The inquiry whether a particular right was clearly established "must be undertaken in light of the specific context of the case, not as a broad general proposition."  *Moldowan v. City of Warren*, 578 F.3d 351, 375 (6th Cir. 2009) (citing *Saucier*, 533 U.S. at 201).  The contours of the right in question "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right."  *Fisher v. Harden*, 398 F.3d 837, 845 (6th Cir. 2005) (quoting *Saucier*, 533 U.S. at 202).  The focus of

this inquiry is "on whether the officer had fair notice that her conduct was unlawful." *Lyons v. City of Xenia*, 417 F.3d 565, 579 (6th Cir. 2005).

Where neither the motion for qualified immunity nor the opposition thereto is supported by evidence, the first step of the qualified immunity analysis focuses on the allegations in the plaintiff's complaint and whether such state a claim for violation of the plaintiff's constitutional rights. If, on the other hand, the motion for qualified immunity and/or the opposition thereto are supported by evidence, such must be considered pursuant to the summary judgment standard articulated above. Thus, if the evidence establishes that the defendant did not violate the plaintiff's constitutional rights, qualified immunity is appropriate. *See, e.g., Scott v. Harris*, 550 U.S. 372, 377-86 (2007) (officer entitled to qualified immunity where evidence was such that "no reasonable jury" could have concluded that officer violated the plaintiff's constitutional rights). Likewise, if the right in question was not "clearly established" at the time the defendant acted, the defendant is entitled to qualified immunity.

Generally, to find a clearly established constitutional right, the district court "must find binding precedent by the Supreme Court, its Court of Appeals or itself." *Fisher*, 398 F.3d at 845 (quoting *Ohio Civil Serv. Employees Ass'n v. Seiter*, 858 F.2d 1171, 1177-78 (6th Cir. 1988)). In extraordinary circumstances, however, the decisions of other courts may suffice if such decisions "both point unmistakably to the unconstitutionality of the conduct complained of and are so clearly foreshadowed by applicable direct authority as to leave no doubt in the mind of a reasonable officer that his conduct, if challenged on constitutional grounds, would be found wanting." *Fisher*, 398 F.3d at 845-46 (quoting *Seiter*, 858 F.2d at 1177). A single idiosyncratic opinion from another circuit's court of appeals, however, is insufficient to put a defendant on notice of how the Sixth Circuit might decide the issue in question. *See Davis v. Holley*, 835 F.2d 1175, 1182 (6th Cir. 1987).

In determining whether a defendant is entitled to qualified immunity, the focus is on the objective legal reasonableness of his actions in light of clearly established law as it existed when he engaged in the challenged conduct.  *See Anderson*, 483 U.S. at 640; *Harlow*, 457 U.S. at 818; *Fisher,* 398 F.3d at 845.  Accordingly, the Court must determine "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Fisher*, 398 F.3d at 845 (quoting *Saucier*, 533 U.S. at 202).  Finally, while it "is often appropriate" to evaluate qualified immunity claims by analyzing the two analytical steps in sequence, such is no longer mandated.  *See Callahan*, 555 U.S. at 236.  As the *Callahan* Court stated, "[t]he judges of the district courts. . .should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.*

Defendant argues that despite the Court's previous denials of his motions for summary judgment, relief is appropriate at this juncture based on evidence obtained during discovery which was not previously presented to the Court.  Plaintiff counters that summary judgment is not appropriate because the Court has already concluded that there exist genuine issues of material fact with respect to Plaintiff's retaliation claim.  While the Court did, in fact, previously deny relief based on the presence of genuine factual disputes, Defendant has now carried his burden to demonstrate the absence of any genuine factual dispute necessitating trial.

The elements of a First Amendment retaliation claim are well known: (1) Plaintiff was engaged in constitutionally protected conduct, (2) Plaintiff suffered adverse action which would deter a person of "ordinary firmness" from continuing to engage in such protected conduct, and (3) there exists a sufficient causal connection between the protected conduct and the adverse action. *See Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)).

Defendant asserts that he is entitled to summary judgment because Plaintiff cannot establish the requisite causal connection.  The Court agrees.

With respect to causation, courts recognize that retaliation is "easy to allege" and "can seldom be demonstrated by direct evidence." *Huff v. Rutter*, 2006 WL 2039983 at *7 (W.D. Mich., July 19, 2006) (quoting *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987)).  Nonetheless, "bare allegations of malice" are insufficient to state a constitutional claim, as Plaintiff must instead establish "that his protected conduct was a motivating factor" behind the allegedly retaliatory action taken. *Thaddeus-X*, 175 F.3d at 399 (citations omitted); *see also*, *Skinner v. Bolden*, 89 Fed. Appx. 579, 579-80 (6th Cir., Mar. 12, 2004) ("conclusory allegations of temporal proximity are not sufficient to show a retaliatory motive"); *Desmone v. Adams*, 1998 WL 702342 at *3 (6th Cir., Sep. 23, 1998) ("[a] claim of retaliation must include a chronology of events from which retaliation may plausibly be inferred").

In the context of a motion for summary judgment, the causation element is evaluated pursuant to the burden-shifting standard articulated by the Supreme Court in *Mount Healthy City School District Board of Education v. Doyle,* 429 U.S. 274 (1977).  *See Eby*, 481 F.3d at 441-42.  Pursuant to this standard, Plaintiff must show that his protected conduct was a motivating factor in Defendant's action.  Even if Plaintiff makes such a showing, Defendant is entitled to summary judgment if he demonstrates that he would have taken the same action in the absence of the protected conduct. *Id.*

In support of his motion, Defendant relies on his deposition testimony, evidence which was not available to the Court previously.  (Dkt. #80, Exhibit F).  In his deposition, Defendant offered the following testimony.  On August 23, 2007, Defendant was assigned to "rover" duty pursuant to which he substituted for various corrections officers throughout the facility so that they could take lunch breaks or otherwise step away from their assignments.  (Dkt. #80, Exhibit F at 50-51).  As part of his

duties, Defendant was assigned to the housing unit where Plaintiff was located.   (Dkt. #80, Exhibit F at 51).   Defendant was aware that Plaintiff was on Loss of Privileges (LOP) status.   (Dkt. #80, Exhibit F at 51-52).   Then current MDOC Policy provided that prisoners on LOP sanction "shall" lose television (and many other) privileges unless the hearing officer specifically provides otherwise.   *See* Michigan Department of Corrections Policy Directive 03.03.105 ¶ WW (effective January 1, 2007).   Defendant and others routinely enforced the "no television" aspect of this policy in the segregation units.   (Dkt. #80, Exhibit F at 52-55).   Defendant had no knowledge that this particular policy was not likewise enforced in the minimum security housing where Plaintiff was located.   (Dkt. #80, Exhibit F at 52-56).   Defendant issued Plaintiff the misconduct tickets in question because he violated the rules in question.   (Dkt. #80, Exhibit F at 59-62).

This evidence demonstrates that Defendant's decision to charge Plaintiff with the misconducts in question was unrelated to the grievance which Plaintiff asserted against Defendant for allegedly smoking near the entrance of a building.   Plaintiff has submitted no evidence in response to the present motion and, therefore, cannot demonstrate that Defendant's proffered rationale is pretextual or otherwise infirm.   Furthermore, Defendant's deposition testimony specifically addresses the rationale articulated by Judge Maloney in denying Defendant's previous motion for summary judgment.

Specifically, in previously finding that there existed a genuine issue of fact whether Defendant acted out of an intent to retaliate, Judge Maloney stated that "Defendant has not established that his duties required him to be in the Housing Unit on August 23."   (Dkt. #34 at Page ID#195).   As previously noted, however, Defendant testified at his deposition that he was assigned to Plaintiff's housing unit on the date in question.   Plaintiff offers no evidence to the contrary.   Judge Maloney further observed that "Defendant has not explained why he opted to enforce the rule against Plaintiff, when the

rule was generally not enforced against any similarly situated prisoner." (Dkt. #34 at Page ID#195). Again, Defendant testified that he regularly enforced the rule in question in the housing units where he was normally assigned and had no knowledge that such rules were not enforced elsewhere in the prison. Again, Plaintiff offers no evidence to the contrary. Accordingly, the undersigned recommends that Defendant's motion for summary judgment be granted.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment, (Dkt. #79), be **granted** and this action **terminated**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: August 17, 2015

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge

-11-